## No. 11,213.

### W. J. KELLAR, PRESIDENT, VS. VICTORIA LUMBER COMPANY. JOHN R. JONES & CO., INTERVENORS.

1. Verbal precision is not exacted, and technicalities are not favored in our sys-tem of pleading. Regard is paid to the general force and meaning of the allega-tions considered altogether, and when, thus considered, they present a cause of action, they should be given effect.

2. A petition alleging that property sued for is on the premises of the defendant corporation, that it is there held under a written acknowledgment given by an officer of the corporation, and that the corporation refuses to deliver, presents a sufficient charge of possession in defendant to sustain an action for restora-tion of the property.

APPEAL from the Tenth District Court for the Parish of Natchi-toches. *Andrews, J.*

*Cunningham & Tucker* for Plaintiff and Appellant.

*Scarborough & Carver contra:*

1. Plaintiff's petition does not set forth a cause of action against defendant company, as he does not allege defendant to be in possession of the property sued for.
2. The document annexed to and made part of the petition shows that the defendant is not in possession of it and has no control over it, wherefore it is clear that he has no cause against defendant company.
3. The exception of no cause of action being well founded, the suit was properly dismissed. It can not be circumvented and its efficiency destroyed in any case by offering an amended petition. 34 An. 323; 35 An. 281; 41 An. 228; 41 An. 282.
4. If such an amendment could be allowed where the plaintiff had a cause of action and simply failed originally to set it forth, yet it surely can not be done in this case where plaintiff's original petition showed affirmatively that he had no cause of action against defendant. Same authorities.
5. The law holds parties to their allegations of record. They can not play fast and loose, and deny what they have solemnly averred to be the truth. C. C. 2291; 31 An. 158; 40 An. 186; 42 An. 522; 37 An. 106; 42 An. 496.
6. The amendment besides being inconsistent with the original petition altered the substance of the demand, or rather created a demand where none existed before, and hence was properly disallowed. 41 An. 228; 41 An. 282; 35 An. 694.
7. Besides, the original petition was sworn to and the amendment did not allege error and was not sworn to. The suit being a sequestration suit must stand or fall on the state of facts existing and alleged to exist at the time the suit was filed.

———

The opinion of the court was delivered by

FENNER, J. This case is before us on an appeal from a judgment sustaining an exception of no cause of action.

The petition alleges that plaintiff is the owner of a certain lot of lumber which is stated to be "on the yard of the Victoria Lumber Company," defendant; that "William Flournoy, its book-keeper, gave annexed receipt, or acknowledgment, that petitioner's lumber was on its yards," and "that said company now refuses, without any excuse or justification, to deliver said lumber to petitioner."

Under these allegations plaintiff obtained a sequestration of the lumber and prayed for judgment recognizing its ownership and restoring the property.

The petition was met with an exception of no cause of action, the sole ground of which is that the petition "does not allege defendant to be in possession of the property sued for."

The ingenious argument of defendant's counsel, even though approved by the learned district judge, fails to produce on our minds the slightest impression in favor of the validity of his exception. The petition alleges that the property is on the premises of defend-

ant; that it is there under a written acknowledgment given by defendant's book-keeper, which declares that he holds it there as plaintiff's property and subject to the orders and instructions of plaintiff's agent, and that defendant refuses to deliver it. These allegations may not be true, but for the purposes of this exception they must be taken as true; and to hold that they do not plainly import that defendant possesses and unlawfully withholds the property would require us to shut our eyes to the clear meaning of the language employed. The fact that the document attached is signed by Flournoy, individually, loses all significance in presence of the allegation that it was given by " William Flournoy, its (defendants') book-keeper," which can only mean that it was so given by him as defendants' book-keeper and agent, and makes the truth or falsity of that allegation an issue on the merits of the case.

Verbal precision is not exacted and technicalities are not favored in our system of pleading. Regard is paid to the general force and meaning of the allegations, considering them all together, and when, thus considered, they present a cause of action, they should be given full effect.

It is therefore adjudged and decreed that the judgment appealed from be avoided and reversed; that the exception of no cause of action be now overruled, and that the case be now remanded to the lower court to be there proceeded with according to law, appellee to pay cost of appeal.

Judgment reversed and exception of no cause of action overruled.